May it please the court, James Fife of Federal Defenders, on behalf of the appellant, Mr. Valdavinos-Torres. I'm going to try to reserve two minutes for rebuttal. Very well. Just watch the clock. I will. This case comes down to just one question. Whether a plea to account containing a non-elemental allegation, but with no specific admission of that fact, satisfies the Stage 2 showing of the Taylor Categorical Analysis. At Young v. Holder, this court, en banc, answered no. Under Young, then, the conviction here must be reversed. Now, Young holds two very pertinent lessons for this case. And I point out, of course, that Young was a case that was decided subsequent to all the principal briefing in this court. And we've addressed it in a 28-J that was filed a couple weeks ago. The Young case had a conjunctive information or indictment, right? Correct. That was the specific question before it, Judge Zaharie. But, of course, in order to decide what is the effect of the unnecessary conjunct, they had to consider what does a guilty plea admit. And what Young said was, number one, importantly, the role of a guilty plea in the Taylor analysis is a question of federal law. And under federal law in this circuit, there were two lines of analysis. And Young stated that the better rule, as they called it, was the one that says that only elements essential to the conviction are admitted by a plea. Now, in doing so, it abrogated a line of analysis, which identified with principally Snellenberger, Aguilamontes, and Williams, which held that when you plead guilty to a count, you plead guilty to all the allegations in that count. Young rejected that line of analysis and adopted the contrary one, which was held in cases like Malta-Espinosa, Vidal, Casares, and Forrester, that you only admit the essentials to sustain, the bare minimum, essentially, needed to sustain the conviction. Well, and in determining that, you're allowed to, under Shepard, to look at not just the indictment or the information, but also if there's a plea agreement or a transcript of a plea or, I think in the words of that court, some, quote, comparable judicial record, end quote. Correct. Yes? That's right. So we're not stuck, if you will, with just the information or the indictment. We can look to the entire record to glean, under the modified categorical approach, just what did the defendant admit to? Well, not precisely, Judge Zahari, not the entire record, but only those judicially noticeable. That's correct. Yes, correct. And that includes, right, under Snellenberger, that would include a minute order or an abstract of judgment, something that's reliable with respect to the plea, yes? Yes, correct. And in this case, the defendant pled guilty to count two, which was possession of meth, which qualifies under the federal statute, and that can be used to determine that the defendant pled guilty to an aggravated felony. Yes? No, Your Honor. Why? He pled guilty. It's true. All the records, and we have no disputes with any of the records, the Shepard-compliant elements of the record. The problem is that the only thing, the only document in the Shepard proffer that mentions a generic offense, a generic substance, is the complaint where it says two-wit methamphetamine. Now, the question is, where Young influences the decision in this case is dispositive here, is what does it mean when Mr. Valdivinos pled guilty to count two? Does that mean he admitted for Shepard purposes the allegation that the drug was methamphetamine as opposed to a non-generic substance in the California drug schedules? Young says no, because that is not essential. It's not an element of the offense, and it's not essential to the conviction. All that's essential for a conviction under the California statute is that he trafficked a substance in the specified drug schedules, which include non-generic substances like apomorphine and acetafentanil. So when he pled guilty to count two, he simply, he was not accepting under Young the allegation, he was not admitting to the allegation two-wit methamphetamine, because that wasn't essential to the conviction. So the documents don't... It was a part of count two. Pardon? It was a part of count two. It was alleged there, yes, Your Honor, it was alleged there. What am I to do, ignore the fact that count two contained that language? Do I say, oh, to wit, I'm not going to look at that part? Your Honor, if it's not essential to the conviction, it's not admitted by the guilty plea. That's what Young has held, and that's the line of cases. In fact... Well, Young, let me offer you this possible reading of Young. Young dealt with two counts, and it was unclear, and they said, when you're pleading guilty to the entire scheme, and maybe one under the modified applies and the other count doesn't apply, that's not good enough. We need something more than that, and so we're going to give the benefit of the doubt to the defendant. That's what Young really says, isn't it? No, Your Honor. I think they had a very specific legal question in front of them. They found in the circuit, the Ninth Circuit, there was two lines of analysis, very starkly opposed lines of analysis. One saying, when you plead guilty to a count, you admit everything in that count. Another line which said, when you plead guilty to a count, you only plead, you're only admitting the essential elements necessary for conviction. It rejected the first one and adopted the second one. That can only mean that allegations in the account, which are not essential elements that are required for the conviction, are not admitted by that guilty plea. And to make it about as clear as possible, here's a passage from Aguilamonte's, which Young cited as an example of the rejected line of reasoning. This line from Aguilamonte said, when a defendant pleads guilty to a count, he admits the factual allegations stated in that count. That is reasoning which Young says they are rejecting. Therefore, that's precisely what the government and the district court argued in this case. You plead guilty to that account, therefore you're admitting that allegation in that count. But it's not essential, it's not an element. Under federal law, the type and quantity of drug is not an element of a drug offense. That's in the Hunt case, which I cited in the 28J, but also in the case United States v. Thomas at 355 Bedford 1191, a case that is in the Cazares line, but not cited by Young, but it's very much in the Cazares line, saying that, look, you can't, there, in fact, in Thomas, there, it wasn't the type of drug that was involved, the defendant failed to admit the quantity. At the plea colloquy, he just said, I don't know what amount was there. And then the court held, you can't hold him to that, what was in the indictment, you can't hold him to that because when he pled, he didn't admit the quantity. So the fact that it was in the charging instrument, and he pled guilty to that account, didn't provide the basis for holding him to that particular quantity. The same thing is true here. Mr. Valdivinos pled under People v. West, that is, he made no admissions, could, in fact, have stood up and denied that he actually committed any such offense. He made no admissions, he simply pled guilty to a particular account, and that doesn't require that he admit, and didn't admit, that it was methamphetamine. The fact that it was methamphetamine as opposed to cocaine or heroin or any other type of offense held that's listed in the California schedules, that wasn't essential for the conviction. All that was essential was that it is one of the listed controlled substances. That's the very minimum that was necessary to sustain the conviction. Therefore, in that sense, the two-wit methamphetamine is surplusage  Moreover, let me just point out something. In the same, there are a line of cases in this circuit, including Cazares and Forrester, two cases cited with approval by Young, but also Thomas, and here's the exact paraphrase of the quote, with some elision from the quote from Cazares,  that there's some non-elemental allegation. The appropriate course is for the government at the plea colloquy to seek an explicit admission of any unlawful conduct which it seeks to attribute to the defendant. That is, the burden is not on the defendant to deny that this is methamphetamine, but if the government wants the non-elemental allegation to stick, they have to get a particular specific admission. Of course, if a defendant admits at the plea colloquy that it's methamphetamine, he's bound by that, but that didn't happen here. What do I do with the cases at the government sites, and you refer in the opening paragraph of your letter, Leal-Vega and the Holder case? The Gabon attack. Yes, right. You say, are those just plain wrong? They are wrong, but I argued first. Are they wrong enough for us to ignore them? Well, the more important thing, Your Honor, is that they're superseded under Miller v. Gammy because they are prior cases that relied exclusively on Snellenberger, the passage in Snellenberger which was disapproved and abrogated in Young. So Young and that part of Snellenberger and that part of Aguilamontes has been abrogated by Young. In fact, if you go on Westlaw, you'll see that those cases have red flags on them now. They've been abrogated to that extent. Leal-Vega and Gabon attack relied exclusively on that passage in Snellenberger that when you plead out to a particular count, you are admitting for Taylor purposes everything in that count. Those were their only authority, therefore you have to say that they've been superseded by Young by subsequent controlling authority. That's not what West will say if you look up. It doesn't say superseded, does it? I don't know if West is aware of the Miller doctrine in this circuit. Not that we're bound by West. No, of course not. I just mentioned that. Those cases no longer can have any force as to that reasoning. That's reasoning that has been completely abrogated by Young. And if I can, Your Honor, I think I have like one minute left. I'm afraid you're misinterpreting, counsel. You have exceeded your time by a minute and four seconds. I'm afraid your time has expired. Okay, thank you. We'll hear from the government. Good morning. May it please the Court, Charlotte Kaiser on behalf of the United States. We do not see the case of Young v. Holder as creating such broad strokes as the appellant does. We see Young v. Holder as just explicitly saying that where you have, as it's stated, on the modified categorical approach when a conjunctively phrased charging document alleges several theories of the crime, a guilty plea establishes convictions under at least one of these theories but not necessarily all of them. And if we look at that en banc decision, it deals with California Health and Safety Code 11352A, which deals with several different charges within it, some of which do fall in as a drug trafficking offense and some of which do not fall in as a drug trafficking offense. It doesn't deal with what the issue here is, which is the obvious. What is the controlled substance? And we're dealing with 11378, which clearly is a drug trafficking offense. But then the question is, is there an indication in the record of what that controlled substance offense was? And here the district judge got it right. The district judge looked at the record and said, everything here shows that it's methamphetamine. Defendant pled guilty to the count that alleged methamphetamine. The opposing counsel has argued that surplusage is not essential to the guilty plea. We don't see it as that. Why would it not then be alleged as surplusage? But what's also important about it is if we look at Shepard and Vidal and what we can learn from those cases is where a statute is narrowly tailored to its generic offense, then that is the admission there, and that's what we have. It is narrowly tailored to the generic offense, showing that it's methamphetamine. It's not surplusage. Well, isn't his argument that the controlled substance section would include some products that would not constitute aggravated felony? Certainly in the statute. That's his point. It says the statute, but at the same time that's not what was alleged in the complaint. And this court can look at the complaint along with all the other documents in it, and the complaint is what alleges methamphetamine. It doesn't allege methamphetamine or another controlled substance or methamphetamine and any other controlled substance. Where does this fit within Ruiz-Vidal? This case fit within our case fit? To what extent does Ruiz-Vidal apply to this case? Well, Your Honor authored Ruiz-Vidal. Well, okay, but that doesn't help me. We believe that Ruiz-Vidal, along with Cabin Tech, which Your Honor participated in as a per curiam decision, what that shows us in the line is that we look at the record of conviction to identify what the controlled substance is. Now, Ruiz-Vidal, Your Honor had the complaint, which alleged violations of California Health and Safety Codes 11379 and 11378, but the abstract of judgment showed only a violation of California Health and Safety Code 11377 subsection A. So there was no complaint to look at to narrow the controlled substance at issue. It was just the abstract of judgment. But then, subsequently, we look at the Cabin Tech decision, which was able to say, when the defendant pleads guilty to state offense as broader than the generic federal crime, as in Ruiz-Vidal, and not by account in the indictment as Cabin Tech did here, Cabin Tech's argument makes sense. But here the record is clear that Cabin Tech pled guilty to possession of methamphetamine, a controlled substance offense, that supports an order of reversal. And in that decision, you had the complaint, which alleged meth. You had the plea colloquy, where the defendant repeatedly said, I am pleading guilty to that count. And then you had the, I believe the abstract of judgment in that, which was subsequently amended to possession of, it originally said possession of meth, but then after oral argument, the appellant got it, or the litigant got it amended to, say, possession of a controlled substance. And as this Court said, just because it might say that in the abstract of judgment doesn't mean that we don't ignore the rest of the record here. So that's how we see it dealing with those lines of cases. So we believe that... Really, in this case, you can connect the dots to meth. Whereas in Reese v. Dowd, it was unclear. You could not connect the dots. That is correct, Your Honor. And to apply Young v. Holder as defense would be to ignore the obvious. It would be to ignore the whole record of conviction, which shows that's meth. There's nothing on this record that shows that the complaint was ever amended. What it shows is that defendant pled guilty to the count 11-375, as specified in the complaint, which specified methamphetamine. So we do not see it as broadly as that. And I think that in looking at that, unless the Court wishes us to address any further about Vidal or Ruiz Vidal, we can go on as to the other arguments. Nothing further. Nothing further. All right. Thank you, Your Honor. The case just argued will be submitted for decision. And the Court will... Could I ask... You have exceeded your time, Counsel. I'm sorry. I was just wondering if I could have leave to make an oral motion at this point. An oral motion? An oral motion to submit supplemental briefing on Young v. Holder. This is something that we couldn't deal in 350 words in 10 minutes of oral argument. If the Court would grant leave to... And we will keep the record open for seven days to allow you to do that. Okay. Thank you, Your Honor.
judges: Zouhary, Goodwin, O'Scannlain